# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CRIMINAL CASE NO. 3:90cr78

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **DONALD DEVAN EDWARDS.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's motion for clarification of his sentence pursuant to Federal Rule of Criminal Procedure 36.

Rule 36 is addressed to clerical errors occurring in final judgments or orders. It has no applicability to the Defendant's request, which is that he be given credit for time served in connection with a prior federal conviction.

The Attorney General for the United States acting through the Bureau of Prisons, not the sentencing court, computes credit for time served. *United States v. Wilson*, 503 U.S. 329 (1992). Thus, the BOP determines when a sentence begins and whether a defendant should receive credit for time previously spent in custody. *Id.*, at 335; *United*

***States v. Luna-Reynoso***, **258 F.3d 111, 117 (2nd Cir. 2001).**  The denial

of such credit by the Bureau of Prisons can be reviewed by a court only

after all administrative remedies have been exhausted.  ***Id.*, citing *United***

***States v. Delgado*, 130 F.3d 518, 522 (2d Cir. 1997).**

      **IT IS, THEREFORE, ORDERED** that the Defendant's motion is

hereby **DENIED**.

Signed: September 26, 2007

Martin Reidinger
United States District Judge