# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CRIMINAL CASE NO. 3:90cr78

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs.          ) | **O R D E R** |
| ) | |
| DONALD DEVAN EDWARDS.  ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Clarification of His Sentence Pursuant to Federal Rule of Criminal Procedure 36." [Doc. 8].

On September 26, 2007, the Court denied the Defendant's previously filed Motion for Clarification Pursuant to Rule 36 of the Federal Rules of Criminal Procedure [Doc. 1] on the grounds that: (1) Rule 36 has no applicability to the Defendant's request; (2) the Bureau of Prisons (BOP), not the sentencing court, computes credit for time served; and (3) the denial of such credit by BOP can be reviewed by a court only after exhaustion of all administrative remedies. [Doc. 3].

The Defendant then filed a second Motion [Doc. 5] on May 22, 2008, claiming to have exhausted the administrative remedies available through BOP. Upon review of the Defendant's filings, however, the Court determined that the Defendant had not exhausted his administrative remedies, and thus this Motion was also denied. [Doc. 6].

The Defendant now files a third Motion for Clarification of his sentence pursuant to Rule 36 of the Federal Rules of Criminal Procedure, asserting that he has now fully exhausted his administrative remedies. [Doc. 8]. For the reasons that follow, this Motion also must be denied.

As the Court previously stated, Rule 36 is addressed to clerical errors occurring in final judgments or orders. It has no applicability to the Defendant's request, which is that he be given credit for time served in connection with a prior federal conviction.

In any event, the relief sought in this Court is unavailable. Even assuming that the Defendant has fully exhausted his administrative remedies, judicial review of the computation of a sentence must be brought in the district of confinement. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); United States v. Wiggins, No. 1:06cr238, 2008 WL 624439, at *3 (W.D.N.C. Mar. 4, 2008). Because the Defendant is currently

incarcerated in Butner, North Carolina, judicial review should have been sought in that district.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Clarification of His Sentence Pursuant to Federal Rule of Criminal Procedure 36" [Doc. 8] is **DENIED** without prejudice to renewal in the proper forum.

**IT IS SO ORDERED**.

Signed: February 6, 2009

Martin Reidinger
United States District Judge